JDG:CMM
F. #2014R01331

FILED
CLERK

2015 MAR -6 PM 1:03

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

EDWARD M. WALSH JR.,

　　　　　　　Defendant.

- - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. **CR 15 - 00091**
(T. 18, U.S.C., §§ 666(a)(1)(A),
981(a)(1)(C), 1343 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

WEXLER, J

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

At all times relevant to this Indictment, unless otherwise indicated:

The Suffolk County Sheriff's Office

1.　　　The Suffolk County Sheriff's Office ("SCSO") was a local government agency in Suffolk County, New York. The head of the SCSO was the Suffolk County Sheriff (the "Sheriff"), a countywide elected official. The SCSO operated a correctional facility in Yaphank, New York and a correctional facility in Riverhead, New York. Among other things, the SCSO provided Suffolk County courthouse security and enforcement of all decrees, orders and mandates of the civil courts within the county, and patrolled and investigated crimes committed on county-owned property. Further, the SCSO oversaw all security matters within the correctional facilities it operated.

2. In or about and between 2010 and 2014, the SCSO received in excess of $10,000 each calendar year under federal programs involving asset forfeiture monies and other forms of federal assistance. During the relevant time period, the SCSO received in excess of $2 million in federal funds.

### The Defendant

3. In or about and between December 1990 and the present, the defendant EDWARD M. WALSH, JR. was employed by the SCSO. On or about September 11, 2006, WALSH was promoted to the position of SCSO Correction Officer III Investigator and was assigned to work at the SCSO correctional facility in Riverhead as an aide to the Sheriff.

4. The defendant EDWARD M. WALSH, JR. was paid a portion of his wages from the SCSO via direct deposit. All such payments to WALSH's bank account in Suffolk County, New York were electronically transmitted through the State of Massachusetts.

5. Since at least 2006 to the present, WALSH was the Chairman of the Suffolk County Conservative Party ("SCCP").

### The Defendant's Fraud Scheme

6. In or about and between January 2011 and April 2014, the defendant EDWARD M. WALSH, JR. falsely represented to the SCSO that he had worked certain regular and overtime hours when, in fact, he did not work those hours. Contrary to his representations to the SCSO that he was working regular and overtime hours for the SCSO on numerous dates, WALSH was, among other things, playing golf or performing work on behalf of the SCCP. In reliance on those false representations, the SCSO paid WALSH wages for hours he did not work.

## COUNT ONE
(Theft of Funds)

7. The allegations contained in paragraphs 1 through 6 are realleged and incorporated as if set forth fully in this paragraph.

8. In or about and between January 2011 and April 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD M. WALSH, JR., an agent of the SCSO, did knowingly and intentionally embezzle, steal, obtain by fraud, misapply and otherwise without authority knowingly convert to the use of a person other than the rightful owner, property of the SCSO, an agency of a local government that received benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance in one or more one-year periods, which property was valued at $5,000 or more, and was owned by, and was under the care, custody and control of the SCSO, to wit: wages for regular and overtime hours.

(Title 18, United States Code, Sections 666(a)(1)(A) and 3551 et seq.)

## COUNT TWO
(Wire Fraud)

9. The allegations contained in paragraphs 1 through 6 are realleged and incorporated as if set forth fully in this paragraph.

10. In or about and between January 2011 and April 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD M. WALSH, JR. did knowingly and intentionally devise a scheme and artifice to defraud the SCSO, and to obtain money and property from the SCSO by means of

materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communication in interstate commerce, to wit: wages which were electronically transmitted through the State of Massachusetts to Suffolk County, New York.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

11. The United States hereby gives notice to the defendant EDWARD M. WALSH, JR. that, upon his conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property, real or personal, constituting or derived from proceeds traceable to a violation of such offenses.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant EDWARD M. WALSH, JR.:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation, including but not limited to any of the following: any and all pensions, annuities or other benefits to which WALSH may be entitled as a result of his employment by the SCSO and any and all proceeds traceable thereto.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2014R01331
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*EDWARD M. WALSH JR.*,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 666(a)(1)(A), 981(a)(1)(C), 1343 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ */s/ Joanne Curly* _____
                                                                *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                *Clerk*

*Bail, $* _____

*Catherine M. Mirabile, Assistant U.S. Attorney (718) 254-6055*